ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Helen R. Frazer        State Bar No. 92627
12800 Center Court Drive, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Counsel to Chapter 7 Trustee
Larry D. Simons

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ALETHIA ANN MITCHELL<br><br>Debtor.<br><br>LARRY D. SIMONS, Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>ALETHIA ANN MITCHELL<br><br>Defendant. | CASE NO.    6:12-bk-34633 MW<br><br>CHAPTER 7<br><br>**COMPLAINT TO REVOKE DISCHARGE** |

Plaintiff, LARRY D. SIMONS, Chapter 7 Trustee of the bankruptcy estate of Alethia Ann Williams alleges as follows:

## GENERAL ALLEGATIONS

1. The instant case was commenced on October 31, 2012, by the filing of a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Petition").

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (b)(2)(A), (I) and (J).

3.  On or about October 31, 2012, Larry D. Simons, ("Plaintiff" and/or the "Trustee") was appointed, and accepted appointment as the Chapter 7 Trustee for the bankruptcy estate of Alethia Ann Mitchell (the "Estate"). Thus, Plaintiff is the duly appointed and qualified and acting Trustee of the above entitled bankruptcy estate.

4.  Plaintiff is informed and believes, and based thereon alleges, that Alethia Ann Mitchell ("Defendant and/or Debtor") is an individual who resides in the County of Riverside, State of California.

## FIRST CLAIM FOR RELIEF

(Revocation of Discharge — 11 U.S.C. § 727(d)(2))

5.  Plaintiff incorporates Paragraphs 1 through 4 of this Complaint, as though the same is fully set forth herein.

6.  Plaintiff is informed and believes, and based thereon alleges that the Debtor has knowingly concealed and misrepresented to the Trustee the value of property of the estate with the actual intent to hinder, delay or defraud creditors, including Plaintiff. In addition, Debtor became entitled to acquire estate property and knowingly and fraudulently failed to report the entitlement to the Trustee.

7.  In her initial schedules, the Debtor listed an interest in a potential personal injury and/or worker's compensation for which recovery was "speculative". The claim was initially valued at $200,000.00 and described as follows:

"Worker's Compensation Claim: In 2008, debtor injured her neck and back when a "manlift" (construction crane and basket) fell on top of her and as a result she has filed a claim against her former employer, QCI, Inc. Recovery at this time is speculative. The attorney handling the claim is Lucy Bishop, (951) 276-2666. The amount listed herein is for exemption purposes only, (the " Worker's Comp. Claim").

-2-

1    She also listed the same claim in a different manner as follows:

2    "Potential Civil Lawsuit: Mitchell v. QCI, Inc.: Debtor is considering filing a personal injury lawsuit against her former employer for injuries she sustained in a work related accident. Recovery at this time is speculative (the "PI Claim").

8.    The Debtor claimed an exemption for the full value of both the PI and Worker's Comp Claim under California Code of Civil Procedure Sections 704.140 and 704.160.

9.    The Trustee questioned the Debtor as to whether or not she retained an attorney for the personal injury portion of the claim and what the status of the claim was. The Debtor provided the name of her personal injury attorney (Mr. Geeting). The Debtor further specifically stated to the Trustee that she had not yet filed a complaint in conjunction with either the Worker's Comp Claim or the PI Claim.

10.   The Trustee continued the meeting of creditors in order to investigate the Claim further. The Trustee attempted to reach the attorney regarding the PI Claim on more than one occasion, but did not hear back.

11.   On December 13, 2012, the Debtor filed amended Schedules B and C containing the same language but increasing the value of the still "speculative" claims to $1,000,000.

12.   On January 11, 2013, the Trustee filed a no asset report and the bankruptcy case was closed.

13.   The Trustee subsequently learned that the Debtor was not just considering whether to file a personal injury lawsuit but, in fact, had filed a lawsuit in 2010 as Case No. RIC 10001033 against several defendants, none of which are QCI, Inc., the entity that was identified in the Debtor's schedules as the potential defendant. The Trustee also learned that during the time the bankruptcy case was pending, the Debtor was in the process of negotiating a $1 million settlement with the lawsuit defendants.

14.   Based on the foregoing, the Trustee seeks revocation of the Debtor's discharge as she became entitled to obtain settlement of the PI and Worker's Comp. case and failed to disclose such entitlement to the Trustee. Accordingly grounds exist to revoke Debtor's discharge

1  under 11 U.S.C. § 727(d)(2).

## FIRST CLAIM FOR RELIEF

(Revocation of Discharge — 11 U.S.C. § 727(d)(1))

15. Plaintiff incorporates Paragraphs 1 through 14 of this Complaint, as though the same is fully set forth herein.

16. Debtor intentionally made false and misleading statements in her bankruptcy schedules pertaining to the existence and value of her Worker's Comp and personal injury claims and provided false testimony to the Trustee concerning the status of these assets. In addition, Debtor willfully concealed from the Trustee the fact that she was the plaintiff in a personal injury case that was ending at the time the bankruptcy case was filed.

17. By reason of the foregoing, Debtor's discharge should be revoked for actual fraud in making false oaths and concealing material assets.

DATED: July 23, 2013        ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Helen R. Frazer
Attorney for Plaintiff, Larry D. Simons

-4-

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>HELEN RYAN FRAZER 92627<br>ATKINSON ANDELSON LOYA RUUD & ROMO<br>12800 CENTER COURT DRIVE, SUITE 300<br>CERRITOS, CA 90703<br>hfrazer@aalrr.com<br>(562) 653-3200<br><br>COUNSEL TO CHAPTER 7 TRUSTEE<br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>ALETHIA ANN MITCHELL<br><br>Debtor(s). | CASE NO.: 6:12-BK-34633 MW<br>CHAPTER: 7 |
|---|---|
| | ADVERSARY NUMBER: |
| LARRY D. SIMONS, CHAPTER 7 TRUSTEE<br><br>Plaintiff(s)<br>Versus<br>ALETHIA ANN MITCHELL<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☒ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012     Page 1     **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                **KATHLEEN J. CAMPBELL**
                **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

              By: _____
                 Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012               Page 2             **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
12800 CENTER COURT DRIVE, SUITE 300, CERRITOS, CA 90703

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
JESUS E. ROVIRA OTERO    11617 LOW CHAPARRAL DRIVE, VICTORVILLE, CA 92392

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____
Date          Printed Name                                         Signature

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LARRY D. SIMONS, Chapter 7 Trustee | **DEFENDANTS**<br>ALETHIA ANN MITCHELL |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>HELEN R. FRAZER    92627<br>ATKINSON ANDELSON LOYA RUUD & ROMO<br>12800 CENTER COURT DRIVE, SUITE 300<br>CERRITOS, CA  90703    (562) 653-3200 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO REVOKE DISCHARGE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

American LegalNet, Inc.
www.FormsWorkflow.com

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>ALETHIA ANN MITCHELL ||| BANKRUPTCY CASE NO.<br>6:12-BK-34633 MW |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL || DIVISION OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>HON. M. WALLACE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>7/23/13 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>HELEN RYAN FRAZER |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com