ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1 | Helen R. Frazer          State Bar No. 92627
HFrazer@aalrr.com
2 | ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
3 | 12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
4 | Telephone: (562) 653-3200
Fax: (562) 653-3333
5 |
Counsel to Chapter 7 Trustee
6 |
Larry D. Simons
7 |

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | RIVERSIDE DIVISION

11 | In re:                          Case No.   6:12-bk-34633 MW

12 | ALETHIA ANN MITCHELL            CHAPTER 7

13 |        Debtor.                  **NOTICE OF TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION IN PERSONAL INJURY LAWSUIT**

14 |

15 |                                 **HRG DATE: AUGUST 20, 2013**
                                  **TIME:2:00 P.M.**
16 |                                 **CTRM: 225**

17 |

18 |

19 | TO THE HONORABLE MARK WALLACE, BANKRUPTCY JUDGE, THE DEBTORS

20 | AND ALL PARTIES IN INTEREST:

21 |

22 | PLEASE TAKE NOTICE that on August 20, 2013, at the hour of 2:00 p.m. or as soon

23 | thereafter as counsel may be heard, in Video Hearing Room 225 of the United States Bankruptcy

24 | Court located at 3420 Twelfth Street, Riverside, California 92501, a hearing will be held on the

25 | Trustee's objection to the exemptions of the debtor Alethia Ann Mitchell as follows:

26 |

27 | 1.    The Trustee objects to the exemption of the Debtor's claim of exemption in what is

28 | described in her schedules as a "Potential Civil Lawsuit.  Mitchell v. QCI, Inc. Debtor is

1  considering filing a personal injury lawsuit against her former employer for injuries she sustained

2  in a work related accident. Recovery at this time is speculative."

3

4         PLEASE TAKE FURTHER NOTICE that opposition, if any, as to the above-described

5  Objection to Claim of Exemption shall be in writing and filed with the Clerk of the United States

6  Bankruptcy Court at 3420 Twelfth Street, Riverside, California 92501, and upon counsel to the

7  Trustee,  Helen Ryan Frazer, Esq., Atkinson, Andelson, Loya, Ruud & Romo, 12800 Center Court

8  Drive, Cerritos, Suite 300, California 90703, and upon the Trustee, Larry D. Simons, 7121

9  Magnolia Ave., Riverside, CA 92504 no later than 14 days prior to the date set for hearing on said

10  Objection.    Opposition not filed and served in accordance with this Notice shall be deemed

11  waived.

12

13

14  Dated:  July 23, 2013                    ATKINSON, ANDELSON, LOYA, RUUD & ROMO

15

16  By: _____

17        Helen R. Frazer
       Counsel to Chapter 7 Trustee
       Larry Simons

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014419.00010
11414546.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### STATEMENT OF FACTS

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 31, 2012.  The initial 341a hearing in the case was held on December 7, 2012.

Larry D. Simons is the duly appointed and qualified Chapter 7 Trustee in the case.

In her initial schedules, the Debtor listed an interest in a potential personal injury and/or worker's compensation for which recovery was "speculative". The claim was initially valued at $200,000.00 and described as follows:

"Worker's Compensation Claim: In 2008, debtor injured her neck and back when a "manlift" (construction crane and basket) fell on top of her and as a result she has filed a claim against her former employer, QCI, Inc. Recovery at this time is speculative. The attorney handling the claim is Lucy Bishop, (951) 276-2666. The amount listed herein is for exemption purposes only, (the " Worker's Comp. Claim").

She also listed the same claim in a different manner as follows:

"Potential Civil Lawsuit: Mitchell v. QCI, Inc.: Debtor is considering filing a personal injury lawsuit against her former employer for injuries she sustained in a work related accident. Recovery at this time is speculative (the "PI Claim").

The Debtor claimed an exemption for the full value of both the PI and Worker's Comp Claim under California Code of Civil Procedure Sections 704.140 and 704.160.

The Trustee questioned the Debtor as to whether or not she retained an attorney for the personal injury portion of the claim and what the status of the claim was. The Debtor provided the name of her personal injury attorney (Mr. Geeting).  The Debtor further specifically stated to the Trustee that she had not yet filed a complaint in conjunction with either the Worker's Comp Claim or the PI Claim. True and correct copies of Debtor's initial Schedules B and C are attached hereto as Exhibit "1".

The Trustee continued the meeting of creditors in order to investigate the Claim further. The Trustee attempted to reach the attorney regarding the PI Claim on more than one occasion,

but did not hear back.

On December 13, 2012, the Debtor filed amended Schedules B and C containing the same language but increasing the value of the still "speculative" claims to $1,000,000. The Debtor's amended schedules are attached hereto as Exhibit "2".

On January 11, 2013, the Trustee filed a no asset report and the bankruptcy case was closed.

The Trustee subsequently learned that the Debtor was not just considering whether to file a personal injury lawsuit but, in fact, had filed a lawsuit in 2010 as Case No. RIC 10001033 against several defendants, none of which are QCI, Inc., the entity that was identified in the Debtor's schedules as the potential defendant. A true and correct copy of the State Court docket is attached hereto as Exhibit "3". The Trustee also learned that during the time the bankruptcy case was pending, the Debtor was in the process of negotiating a $1 million settlement with the lawsuit defendants. A true and correct copy of the settlement agreement entered into at a mandatory settlement conference is attached as Exhibit "4".

At the request of the US Trustee, this case has been re-opened to allow the Trustee to administer the lawsuit and the settlement.

## II

## ARGUMENT

Federal Rule of Bankruptcy Procedure Rule 4003(b)(2) provides that a Trustee may object to a fraudulently claimed exemption any time prior to one year after the case closes. This case was closed by the Court on February 22, 2013 and re-opened by Order entered June 14, 2013 so the Trustee is well within the one year period for objecting to the Debtor's claim of exemption in the PI case and the Worker's Comp case.

It is very clear in this case that the Debtor intentionally misled the Trustee regarding the claim of exemption in a "potential" personal injury lawsuit and the worker's compensation claim. The Debtor stated under oath in her schedules that she was "considering" filing a personal injury lawsuit when, in fact, she already had the suit pending. She failed to list the lawsuit in her statement of affairs. She additionally stated in her schedules that recovery was speculative in

both her initial and amended schedule B even while she was negotiating a settlement for $1 million. The amended Schedule B increased the value of the lawsuit and worker's comp claim from $200,000 to $1 million because Debtor, at the time she made the amendment, obviously knew about the amount that was being discussed at the settlement conferences taking place during the pendency of the lawsuit.

The Debtor compounded her fraud at the 341a meeting of creditors when she, again under oath, testified that her schedules were true and correct and that she was unaware that a lawsuit had been filed on her personal injury claim. She and her counsel told the Trustee that they were awaiting the outcome of the worker's comp claim to determine if they would file suit on the personal injury claim. A transcript of the 341a hearing is attached hereto as Exhibit "3". In light of these facts cause exists to disallow the Debtor's claim of exemption in the worker's comp claim and the personal injury lawsuit based on fraud.

In the case of *Daniel v. Agin* 482 B. R. 1(Bkrtcy D. Mass 2012), the Court held that the Debtor was not entitled to claim an exemption in 2 IRA accounts that he failed to list in his schedules. The Court found that the Debtor exhibited " reckless disregard for the truth" which justified a disallowance of the exemption. The court stated:

"The bankruptcy system depends on the honesty and candor of debtors in identifying their assets. Accordingly, it is well settled that "[i]f a debtor intentionally conceals or fails to disclose estate property, the debtor will be barred from claiming such property as exempt, even if the property would have been exempt had it been properly scheduled and claimed." *In re Wood*, 291 B.R. at 226." *Daniel v. Agin* 482 B. R. @ 10-11.

Based on facts very similar to the facts of this case, the Court in *In re Yonikus*, 996 F.2d 866 (7th Cir.1993) denied the debtor's claim of exemption in a worker's compensation and personal injury lawsuit where the court found that Debtor had intentionally concealed the asset from the trustee. The same situation exists in this case.

Although the Debtor may argue that the claims were disclosed in her schedules, this argument is disingenuous. Debtor states that her claim is against QCI, Inc., an entity that was not named as a defendant in the personal injury lawsuit that was pending at the time the

bankruptcy case was filed. The schedules state that Debtor "is considering" filing a lawsuit when she knew full well that the lawsuit actually had been filed in 2010 and was pending. The debtor describes both claims as "speculative" in a clear attempt to minimize the value of the claims. With respect to the worker's compensation claim, the Debtor in Question 1 of the Statement of Affairs discloses that she received worker's compensation payments of $47,631 in 2010 and $10,000 in 2012. One wonders how the Debtor could characterize this claim as speculative when she was already receiving substantial amounts of money on this claim. The Debtor's representations to the Trustee regarding the potential for recovery on these claims is at best misleading but can also be interpreted as deliberate falsification under oath.

### III

### CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the objection to exemptions be sustained and that the Debtor's claim of exemption in both the worker's compensation claim and the personal injury claim be disallowed in their entirety.

DATED: July 23, 2013

Atkinson, Andelson, Loya, Ruud & Romo

By: _____
Helen R. Frazer
Counsel to Chapter 7 Trustee
Larry D. Simons

## DECLARATION OF LARRY D. SIMONS

I, Larry D. Simons declare as follows:

1.    I am an attorney duly licensed to practice law in the State of California and before the Bankruptcy Courts for the Central District of California.

2.    I am the duly qualified and acting Chapter 7 Trustee in the matter of Alethia Ann Mitchell, Debtor's, Case No. 6:12-bk-34633 filed in the United States Bankruptcy Court, Central District of California.

3.    I examined the Debtor at her initial meeting of creditors held on December 7, 2012. A transcript of the meeting prepared by a creditor is attached as Exhibit "5". I have listed to the recording of the meeting and believe that the transcription is accurate.

4.    The Debtors listed an interest in a lawsuit on her schedules. The lawsuit was valued at $200,000.00 and described as follows:

Worker's Compensation Claim: In 2008, debtor injured her neck and back when a "manlift" (construction crane and basket) fell on top of her and as a result she has filed a claim against her former employer, QCI, Inc. Recovery at this time is speculative. The attorney handling the claim is Lucy Bishop, (951) 276-2666. The amount listed herein is for exemption purposes only, (the " Worker's Comp. Claim").

4.    She also listed the same claim in a different manner as follows:

Potential Civil Lawsuit: Mitchell v. QCI, Inc.: Debtor is considering filing a personal injury lawsuit against her former employer for injuries she sustained in a work related accident. Recovery at this time is speculative (the "PI Claim"). True and correct copies of Debtor's Schedule B and C are attached hereto as Exhibit "1".

5.    I questioned the Debtor as to whether or not she retained an attorney for the personal injury portion of the claim and what the status of the claim was. The Debtor provided the name of her personal injury attorney (Mr, Geeting) and advised me that she had not yet filed a complaint in conjunction with either the Worker's Comp Claim or the PI Claim.

6.    I continued the meeting of creditors to allow me an opportunity to investigate the Claim further.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

7.    On December 13, 2012, the Debtor filed amended Schedules B and C containing the same language but increasing the value of the still "speculative" claims to $1,000,000. The Debtor's amended schedules are attached hereto as Exhibit "2".

8.    I attempted to reach the attorney regarding the PI Claim on more than one occasion, but did not receive a returned phone call. In reliance on the representations made by the Debtor in her schedules that the claims were "speculative" and were claimed as exempt, I filed a no asset report.

9.    I subsequently learned that the Debtor was not just considering whether to file a personal injury lawsuit but, in fact, had filed a lawsuit in 2010 as Case No. RIC 10001033 agsinst several defendants, none of which are QCI, Inc., the entity that was identified in the Debtor's schedules as the potential defendant. A true and correct copy of the State Court Docket is attached as Exhibit "3". I also learned that during the time the bankruptcy case was pending, the Debtor was in the process of negotiating a $1 million settlement with the lawsuit defendants. A true and correct copy of the settlement agreement entered into at a mandatory settlement conference is attached hereto as Exhibit "4". If the Debtor had been truthful about the existence of the complaint, I would have gotten copies of the pleadings and contacted the defense attorney as well as Debtor's attorney to determine the value of the claims and would not have filed a no asset report in this case.

The facts set forth in this declaration are personally known to me and I have firsthand knowledge thereof.  If called as a witness, I could and would testify competently to those facts under oath.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 23, 2013 at Riverside, California.

Larry D. Simons

# EXHIBIT1

000890.00000
810688.1

B6B (Official Form 6B) (12/07) - Cont.

In re    **Alethia Ann Mitchell**                                          Case No. _____
                                                        ,
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Workers' Compensation Claim**      In 2008, debtor injured her neck and back when a "manlift" ( construction crane and basket) fell on top of her and as a result she has filed a claim against her former employer, QCI, Inc. Recovery at this time is speculative. The attorney handling the claim is Lucy Bishop, (951) 276-2666.  The amount listed herein is for exemption purposes only. | - | 200,000.00 |
| | | **Potential Civil Lawsuit** Mitchell v. QCI, Inc.      Debtor is considering filing a personal injury lawsuit against her former employer for injuries she sustained in a work related accident. Recovery at this time is speculative. | - | 200,000.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Debtor does not own a vehicle. Debtor relies on family and public transportation. | - | 0.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| | | | Sub-Total > (Total of this page) | 400,000.00 |

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

Case 6:12-bk-34633-MW    Doc 1    Filed 10/31/12    Entered 10/31/12 19:06:56    Desc
Main Document    Page 17 of 67

B6C (Official Form 6C) (4/10)

.

In re    **Alethia Ann Mitchell**                                              Case No. _____
                                                    ,
                              Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                         $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                  *with respect to cases commenced on or after the date of adjustment.)*
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking and Savings Accounts** | C.C.P. § 704.070 | 400.00 | 400.00 |
| **Bank of America** | | | |
| **Temecula Branch** | | | |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Miscellaneous furniture, household goods, appliances and electronics located at residence.** | C.C.P. § 704.020 | 1,000.00 | 1,000.00 |
| | | | |
| **Wearing Apparel** | | | |
| **Miscellaneous clothing and accessories located at residence.** | C.C.P. § 704.020 | 300.00 | 300.00 |
| | | | |
| **Furs and Jewelry** | | | |
| **Miscellaneous jewelry located at residence.** | C.C.P. § 704.040 | 100.00 | 100.00 |
| | | | |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Workers' Compensation Claim** | C.C.P. § 704.160 | 200,000.00 | 200,000.00 |
| **In 2008, debtor injured her neck and back when a "manlift" ( construction crane and basket) fell on top of her and as a result she has filed a claim against her former employer, QCI, Inc. Recovery at this time is speculative.  The attorney handling the claim is Lucy Bishop, (951) 276-2666.  The amount listed herein is for exemption purposes only.** | | | |
| | | | |
| **Potential Civil Lawsuit** | C.C.P. § 704.140 | 200,000.00 | 200,000.00 |
| **Mitchell v. QCI, Inc.** | | | |
| **Debtor is considering filing a personal injury lawsuit against her former employer for injuries she sustained in a work related accident. Recovery at this time is speculative.** | | | |
| | Total: | 401,800.00 | 401,800.00 |

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

# EXHIBIT2

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA RIVERSIDE

| | | | |
|---|---|---|---|
| Filer's Name: | David Lozano | Atty Name (if applicable): | David Lozano |
| Street Address: | 1900 W. Garvey Avenue South, Suite 240 West Covina, CA 91790 | CA Bar No. (if applicable): | 164806 |
| Filer's Telephone No.: | (626) 802-5680 | Atty Fax No. (if applicable): | (626) 209-0221 |

| | |
|---|---|
| In re: <br><br> Alethia Ann Mitchell | Case No. 6:12-bk-34633 <br><br> Chapter 7 |

## AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $30.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?

☐ Yes          ☒ No

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

☐ A    ☒ B    ☒ C    ☐ D    ☐ E    ☐ F    ☐ G    ☐ H    ☐ I    ☐ J

☐ Statement of Social Security Number(s)          ☐ Statement of Financial Affairs

☐ Statement of Intention          ☐ Other

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ATTACHED.

I/We, Alethia Ann Mitchell, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

**\*\*FOR COURT USE ONLY\*\***

DATED: 12 | 13 | 12

*Alethia Ann Mitchell*
*Debtor Signature*

*Co-Debtor Signature*

**\*\*SEE PROOF OF SERVICE\*\***

B-1008 *Revised November 2003*

B6B (Official Form 6B) (12/07)

In re    **Alethia Ann Mitchell**                                      Case No.    __6:12-bk-34633__
_____
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking and Savings Accounts Bank of America Temecula Branch | - | 400.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous furniture, household goods, appliances and electronics located at residence. | - | 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Miscellaneous clothing and accessories located at residence. | - | 300.00 |
| 7. Furs and jewelry. | | Miscellaneous jewelry located at residence. | - | 100.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  |  |  | Sub-Total > | 1,800.00 |
|  |  |  | (Total of this page) | |

__3__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Alethia Ann Mitchell**                                                   Case No.    **6:12-bk-34633**
_____              _____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

                                                         Sub-Total >            0.00
                                                      (Total of this page)

Sheet  **1**  of  **3**   continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Alethia Ann Mitchell**                                                    Case No.    **6:12-bk-34633**

_____
                            Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Workers' Compensation Claim**<br>    In 2008, debtor injured her neck and back when a "manlift" ( construction crane and basket) fell on top of her and as a result she has filed a claim against her former employer, QCI, Inc. Recovery at this time is speculative.  The attorney handling the claim is Lucy Bishop, (951) 276-2666.  The amount listed herein is for exemption purposes only. | - | 1,000,000.00 |
| | | **Potential Civil Lawsuit**<br>**Mitchell v. QCI, Inc.**<br>    Debtor is considering filing a personal injury lawsuit against her former employer for injuries she sustained in a work related accident. Recovery at this time is speculative. | - | 1,000,000.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Debtor does not own a vehicle. Debtor relies on family and public transportation. | - | 0.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

|  | Sub-Total ><br>(Total of this page) | 2,000,000.00 |
|---|---|---|

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Alethia Ann Mitchell**                                    Case No.    **6:12-bk-34633**
                                    _____
                                            Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 2,001,800.00 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Case 6:12-bk-34633-MW    Doc 24    Filed 07/24/13    Entered 07/24/13 11:22:24    Desc
Case 6:12-bk-34633-MW    Doc 12   Filed 12/13/12   Entered 12/13/12 10:39:01    Desc
Main Document     Page 6 of 8

B6C (Official Form 6C) (4/10)

In re    **Alethia Ann Mitchell**                            Case No.    **6:12-bk-34633**

                                   Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                     $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                        *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking and Savings Accounts Bank of America Temecula Branch | C.C.P. § 704.070 | 400.00 | 400.00 |
| **Household Goods and Furnishings** | | | |
| Miscellaneous furniture, household goods, appliances and electronics located at residence. | C.C.P. § 704.020 | 1,000.00 | 1,000.00 |
| **Wearing Apparel** | | | |
| Miscellaneous clothing and accessories located at residence. | C.C.P. § 704.020 | 300.00 | 300.00 |
| **Furs and Jewelry** | | | |
| Miscellaneous jewelry located at residence. | C.C.P. § 704.040 | 100.00 | 100.00 |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| Workers' Compensation Claim    In 2008, debtor injured her neck and back when a "manlift" ( construction crane and basket) fell on top of her and as a result she has filed a claim against her former employer, QCI, Inc. Recovery at this time is speculative. The attorney handling the claim is Lucy Bishop, (951) 276-2666. The amount listed herein is for exemption purposes only. | C.C.P. § 704.160 | 1,000,000.00 | 1,000,000.00 |
| Potential Civil Lawsuit Mitchell v. QCI, Inc.    Debtor is considering filing a personal injury lawsuit against her former employer for injuries she sustained in a work related accident. Recovery at this time is speculative. | C.C.P. § 704.140 | 1,000,000.00 | 1,000,000.00 |
| | Total: | 2,001,800.00 | 2,001,800.00 |

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                      Best Case Bankruptcy

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 West Garvey Avenue South, Suite 240, West Covina, CA 91790

A true and correct copy of the foregoing document entitled (specify): __Amended Schedule "B" and "C"__  will be served or
was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) _____12/13/12_____, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/13/12 | Norma L. Aguinaga | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## MAILING LIST

Honorable Judge Mark Wallace
411 West Fourth Street, Suite 6135
Courtroom 6C
Santa Ana, CA 92701

US Trustee
3685 Main Street
Riverside, CA 92501

Larry D. Simons, Chapter 7 Trustee
7121 Magnolia Avenue
Riverside, CA 92504

**Helen R. Frazer**

| | |
|---|---|
| **From:** | Larry Simons <larry@lsimonslaw.com> |
| **Sent:** | Wednesday, June 12, 2013 5:49 PM |
| **To:** | Helen R. Frazer |
| **Subject:** | Case |

Helen,

You may recall you and I spoke about a case where I would like you to represent me.

The case is *Alethia Mitchell, 6:12-34633  MW*

The UST has filed a motion to reopen on my behalf so that I can administer a settlement.  I anticipate that the debtor will oppose the motion to reopen.

We discussed that if the case is reopened, I may have to object to the exemption as being filed in bad faith.  At this time, could you please run a conflicts check and let me know if you are even interested in the matter.

I will be in Napa for the next week starting tomorrow, but will have access to email in the evening.

Thanks, Larry

# EXHIBIT 3

000890.00000
810688.1

# RIVERSIDE SUPERIOR COURT

## PUBLIC ACCESS

### Civil Case Report

 **Camera indicates that a document may be purchased.**
View Document Fee Schedule

 **First Page icon indicates you can view the first page of a Complaint for free.**

Send me an email when this case is updated (click here)

> Print This Window
>
> Close This Window

### Case RIC10001033 - MITCHELL VS ATCO NOISE MANAGEMENT

### Case RIC10001033 - Complaints/Parties

**Complaint Number:** 0001 — CMP Complaint of ALETHIA MITCHELL
**Original Filing Date:** 01/26/2010
**Complaint Status:** ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Plaintiff | ALETHIA MITCHELL | GEETING, STEVEN C | First Paper Fee Paid |
| 9 | Intervenor | ELECTRIC INSURANCECOMPANY | PEARLMAN, BORSKA &WAX LLP | First Paper Fee Paid |
| 2 | Defendant | ATCO NOISE MANAGEMENT | Unrepresented | Erroneously Sued/Disposed 03/30/2010 |
| 3 | Defendant | PRE-FAB INC | MARSHALL & FRENCH | Dismissed 05/13/2010 |
| 4 | Defendant | ANTHONY MARTINEZ | MARSHALL & FRENCH | Answer 06/09/2010 |
| 5 | Defendant | JAMES POWELL | MARSHALL & FRENCH | Answer 07/15/2010 |
| 6 | Defendant | PRE-FAB BUILDERS INC | MARSHALL & FRENCH | Answer 06/09/2010 |
| 7 | Defendant | PRE-FAB ERECTORS INC | Unrepresented | Dismissed 05/13/2010 |
| 8 | Defendant in Intervention | ELECTRIC INSURANCECOMPANY | Unrepresented | Party Deleted from case/complaint 02/24/2010 |
| 10 | Defendant | ATCO NOISE MANAGEMENT INC | MARSHALL & FRENCH | Answer 03/30/2010 |

EXHIBIT 2, page 15

**Complaint Number:** 0002 — CI COMPLAINT INTERVENTION of ELECTRIC INSURANCECOMPANY
**Original Filing Date:** 04/22/2010
**Complaint Status:** ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 9 | Plaintiff in Intervention | ELECTRIC INSURANCECOMPANY | PEARLMAN, BORSKA &WAX LLP | First Paper Fee Paid |
| 3 | Defendant | PRE-FAB INC | MARSHALL & FRENCH | Answer 04/27/2010 |
| 4 | Defendant | ANTHONY MARTINEZ | MARSHALL & FRENCH | Answer 09/22/2010 |
| 5 | Defendant | JAMES POWELL | MARSHALL & FRENCH | Answer 09/22/2010 |
| 6 | Defendant | PRE-FAB BUILDERS INC | MARSHALL & FRENCH | Answer 08/17/2010 |
| 10 | Defendant | ATCO NOISE MANAGEMENT INC | MARSHALL & FRENCH | Answer 04/27/2010 |
| 11 | Defendant | ATCO NOISE MANAGEMENT | Unrepresented | Erroneously Sued/Disposed 04/27/2010 |

## Case RIC10001033 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 07/10/2013 8:30 AM DEPT. 06 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT PURSUANT TO RULE 3.1385(B). | | |
| | 06/10/2013 8:30 AM DEPT. 06 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT PURSUANT TO RULE 3.1385(B). | Continued | |
| Minutes | Print Minute Order | | | |
| N | 05/01/2013 | NOTICE OF RULING RE: OSC RE: DISMISSAL AFTER SETTLEMENT FILED | Not Applicable | |
| | 04/25/2013 8:30 AM DEPT. 06 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT PURSUANT TO RULE 3.1385(B). | Continued Not Heard | |
| Minutes | Print Minute Order | | | |
| | 04/18/2013 2:30 PM DEPT. 163 | MANDATORY SETTLEMENT CONFERENCE | Entire Case Settled | |
| Minutes | Print Minute Order | | | |
| | 04/02/2013 | MANDATORY SETTLEMENT CONFERENCE IS SET 4/18/13 AT 14:30 IN DEPT. 163 | | |
| | 04/02/2013 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT | Continued Not |

**EXHIBIT 2, page 16**

| | | | | |
|---|---|---|---|---|
| | 8:30 AM DEPT. 06 | PURSUANT TO RULE 3.1385(B). | Heard | |
| Minutes | Print Minute Order | | | |
| N | 03/29/2013 | SYSTEM GENERATED NOTICE RE: CLERKS CERTIFICATE OF MAILING. | Not Applicable | |
| N | 03/29/2013 | SYSTEM GENERATED NOTICE RE: NOTICE OF ORDER TO SHOW CAUSE HEARING REGARDING DISMISSAL OF ENTIRE CASE. | Not Applicable | |
| | 03/26/2013 8:00 AM DEPT. 03 | COURT ON ITS OWN MOTION: ON THE COURTS OWN MOTION THE ORDER TO SHOW CAUSE IS CONTINUED | Completed | |
| Minutes | Print Minute Order | | | |
| | 03/01/2013 8:30 AM DEPT. 06 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT PURSUANT TO RULE 3.1385(B). | Continued | |
| Minutes | Print Minute Order | | | |
| N | 02/04/2013 | NOTICE OF RULING RE: OSC RE DISMISSAL FILED | Not Applicable | |
| | 01/30/2013 8:30 AM DEPT. 06 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT PURSUANT TO RULE 3.1385(B). | Continued | |
| | 11/16/2012 8:30 AM DEPT. 01 | JURY TRIAL | Off-Calendar | |
| Minutes | Print Minute Order | | | |
| N | 10/23/2012 | NOTICE OF CHANGE OF ADDRESS BY ALETHIA MITCHELL FILED. | Not Applicable | |
| | 10/23/2012 9:00 AM DEPT. 163 | MANDATORY SETTLEMENT CONFERENCE | Completed | |
| Minutes | Print Minute Order | | | |
| | 10/09/2012 11:30 AM DEPT. 163 | MANDATORY SETTLEMENT CONFERENCE | Completed | |
| Minutes | Print Minute Order | | | |
| | 10/05/2012 | --ALSO ON COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY CHANGE FIRM MARSHALL, FRENCH &DEGRAVE FOR PARTY(S) PRE- | Not Applicable | |

Case 6:12-bk-34633-MW   Doc 24   Filed 07/24/13   Entered 07/24/13 11:22:24   Desc
RIC10001033 Case Report - Riverside Civil & Small Claims Main Document   Page 26 of 42

Page 4 of 11

| | | FAB INC, ANTHONY MARTINEZ, JAMES POWELL, PRE-FAB BUILDERS INC, ATCO NOISE MANAGEMENT INC TO FIRM MARSHALL & FRENCH | | |
|---|---|---|---|---|
| N | 10/05/2012 | NOTICE OF CHANGE OF FIRM NAME FILED; CHANGE FIRM MARSHALL, FRENCH &DEGRAVE FOR PARTY(S) PRE-FAB INC, ANTHONY MARTINEZ, JAMES POWELL, PRE-FAB BUILDERS INC, ATCO NOISE MANAGEMENT INC TO FIRM MARSHALL & FRENCH | Not Applicable | 🗐 |
| | 08/24/2012 8:30 AM DEPT. 01 | JURY TRIAL | Continued Not Heard | |
| Minutes | Print Minute Order | | | |
| | 08/07/2012 | JURY FEE DEPOSIT OF $150.00 PAID BY ALETHIA MITCHELL. | Not Applicable | |
| N | 08/07/2012 | NOTICE OF JURY FEE DEPOSIT BY ALETHIA MITCHELL FILED. | Not Applicable | 🗐 |
| N | 07/31/2012 | NOTICE OF POSTING JURY FEES BY PRE-FAB INC, ANTHONY MARTINEZ, JAMES POWELL, PRE-FAB BUILDERS INC, ATCO NOISE MANAGEMENT INC | | 🗐 |
| | 07/31/2012 | JURY FEE DEPOSIT OF $150.00 PAID BY ANTHONY MARTINEZ. | Not Applicable | |
| | 07/31/2012 | JURY FEE DEPOSIT OF $150.00 PAID BY ATCO NOISE MANAGEMENT INC. | Not Applicable | |
| | 07/31/2012 | JURY FEE DEPOSIT OF $150.00 PAID BY JAMES POWELL. | Not Applicable | |
| | 07/31/2012 | JURY FEE DEPOSIT OF $150.00 PAID BY PRE-FAB BUILDERS INC. | Not Applicable | |
| | 07/31/2012 | JURY FEE DEPOSIT OF $150.00 PAID BY PRE-FAB INC. | Not Applicable | |
| | 07/23/2012 1:30 PM DEPT. 163 | HEARING RE: MANDATORY SETTLEMENT CONFERENCE. | Completed | |
| Minutes | Print Minute Order | | | |
| | 07/20/2012 9:30 AM DEPT. 01 | HEARING RESERVED FOR EX PARTE TRIAL RELATED HEARING RE EX PARTE APPLICATION TO CONTINUE TRIAL AND RELATED DATES. | Continued Not Heard | |
| Minutes | Print Minute Order | | | |
| N | 07/17/2012 | NOTICE OF CONTINUANCE OF TRIAL BY PRE-FAB INC, ANTHONY MARTINEZ, JAMES POWELL, PRE-FAB BUILDERS INC, ATCO NOISE MANAGEMENT INC FILED. | Not Applicable | 🗐 |
| | 07/13/2012 9:30 AM DEPT. 01 | HEARING RESERVED FOR EX PARTE TRIAL RELATED HEARING RE EX PARTE APPLICATION TO CONTINUE TRIAL AND RELATED DATES. | Calendared (Reservation Hearings) | |
| | 07/13/2012 9:30 AM DEPT. 01 | EX PARTE HEARING RE CONTINUANCE OF TRIAL. | Granted | |
| Minutes | Print Minute Order | | | |

EXHIBIT 2, page 18

| N | 07/12/2012 | EX PARTE APPLICATION TO/FOR CONTINUANCE OF TRIAL BY ALETHIA MITCHELL, PRE-FAB INC, JAMES POWELL, ATCO NOISE MANAGEMENT INC FILED | Not Applicable | 🖼 |
| | 07/12/2012 | EX PARTE HEARING SET ON 7/13/12 AT 9:30 IN DEPT 01 | | |
| | 07/12/2012 | MOTION HEARING RESERVATION RE: CONTINUE TRIAL SET FOR 07/13/12 AT 09:30 IS CONFIRMED. | Not Applicable | |
| | 07/11/2012 | FEE PAID FOR ON-LINE RESERVATION OF MOTION ($60.00). CONFIRMATION NUMBER RES12757 FOR HEARING RESERVED ON 07/20/12. | Not Applicable | |

**Minutes**    Print Minute Order
Receipt: 120711-0235    $60.00

| | 07/11/2012 | FEE PAID FOR ON-LINE RESERVATION OF MOTION ($60.00). CONFIRMATION NUMBER RES12757 FOR HEARING RESERVED ON 07/20/12. | Not Applicable | |

**Minutes**    Print Minute Order
Receipt: 120711-0084    $40.00

| | 07/11/2012 | COURT REPORTER FEE (UNDER ONE HOUR) PAID BY PRE-FAB BUILDERS & ATCO NOISE MANAGEMENT INC FOR 07/20/12. | Not Applicable | |

**Minutes**    Print Minute Order
Receipt: 120711-0086    $30.00

| | 07/10/2012 | HEARING RESERVED FOR EX PARTE TRIAL RELATED HEARING SET 07/20/12 AT 9:30 IN DEPT. 01 - RES12757. | | |
| | 07/10/2012 | ON-LINE MOTION RESERVED ON BEHALF OF DEFENDANTS, PRE-FAB, INC.; ATCO NOISE;. | | |
| | 05/11/2012 8:30 AM DEPT. 01 | JURY TRIAL | Vacated | |
| N | 05/03/2012 | NOTICE OF RULING RE: CONTINUED MANDATORY SETTLEMENT CONFERENCE FILED | Not Applicable | 🖼 |
| | 04/13/2012 | REJECTED DOCUMENT: NOTICE OF RULING SUBMITTED BY ALETHIA MITCHELL. | Not Applicable | |

**Minutes**    Print Minute Order
THE COURT IS UNABLE TO PROCESS THE ENCLOSED DOCUMENT(S) FOR THE REASON(S) INDICATED BELOW:
NO MANDATORY SETTLEMENT CONFERENCE SET FOR 07/23/12 AS OF TODAY
REJECT NOTICE PRINTED

| | 04/09/2012 1:30 PM DEPT. 163 | MANDATORY SETTLEMENT CONFERENCE | Off-Calendar | |

**Minutes**    Print Minute Order

| | 03/19/2012 9:30 AM DEPT. 01 | EX PARTE HEARING RE CONTINUE TRIAL. | Granted | |

**EXHIBIT 2, page 19**

| Minutes | Print Minute Order | | | |
|---|---|---|---|---|
| | 03/16/2012 | EX PARTE HEARING SET ON 3/19/12 AT 9:30 IN DEPT 01 | | |
| N | 03/16/2012 | EX PARTE APPLICATION TO/FOR CONTINUE TRIAL BY ALETHIA MITCHELL FILED | Not Applicable | 📄 |

| Minutes | Print Minute Order | |
|---|---|---|
| Receipt: 120316-0114 | $40.00 | |

| N | 11/07/2011 | NOTICE OF MANDATORY SETTLEMENT CONFERENCE AND TRIAL BY ELECTRIC INSURANCECOMPANY FILED. | Not Applicable | 📄 |
|---|---|---|---|---|
| | 11/02/2011 8:30 AM DEPT. 01 | TRIAL SETTING CONFERENCE | Completed | |

| Minutes | Print Minute Order | |
|---|---|---|

| N | 07/06/2011 | STIPULATION AND ORDER FOR CONTINUE MEDIATION COMPLETION DATE IS GRA; HONORABLE JUDGE GLORIA CONNOR TRASK. | Not Applicable | 📄 |
|---|---|---|---|---|
| | 07/06/2011 8:30 AM DEPT. 01 | TRIAL SETTING CONFERENCE RE: MEDIATION. | TRIAL SETTING CONFERENCE SET | |

| Minutes | Print Minute Order | |
|---|---|---|

| | 06/21/2011 | STIPULATION AND ORDER FEE PAID BY ALETHIA MITCHELL | Not Applicable | |
|---|---|---|---|---|

| Minutes | Print Minute Order | |
|---|---|---|
| Receipt: 110621-0395 | $20.00 | |

| | 02/03/2011 | CASE IS REASSIGNED TO HONORABLE JUDGE GLORIA CONNOR TRASK IN DEPARTMENT 03 FOR CASE MANAGEMENT PURPOSES AND IS ASSIGNED TO DEPARTMENT 02 FOR LAW AND MOTION PURPOSES | | |
|---|---|---|---|---|

| Minutes | Print Minute Order | |
|---|---|---|
| NOTICE SENT TO STEVEN C GEETING ON 2/03/11 | | |
| NOTICE SENT TO PEARLMAN, BORSKA &WAX LLP ON 2/03/11 | | |
| NOTICE SENT TO MARSHALL, FRENCH &DEGRAVE ON 2/03/11 | | |

| | 02/01/2011 8:30 AM DEPT. 01 | CASE MANAGEMENT CONFERENCE HEARING | Hearing Held | |
|---|---|---|---|---|

| Minutes | Print Minute Order | |
|---|---|---|

| N | 01/20/2011 | CASE MANAGEMENT STATEMENT BY ELECTRIC INSURANCECOMPANY FILED UNTIMELY PURSUANT TO CRC 3.725 | Not Applicable | 📄 |
|---|---|---|---|---|
| N | 01/10/2011 | CASE MANAGEMENT STATEMENT FILED BY ALETHIA MITCHELL | Not Applicable | 📄 |

**EXHIBIT 2, page 20**

| | 12/21/2010 | CASE IS REASSIGNED TO HONORABLE JUDGE MAC R. FISHER IN DEPARTMENT 01 FOR CASE MANAGEMENT PURPOSES AND IS ASSIGNED TO DEPARTMENT 2 FOR LAW AND MOTION PURPOSES | | |
|---|---|---|---|---|

| Minutes | `Print Minute Order` |
|---|---|

NOTICE SENT TO STEVEN C GEETING ON 12/21/2010
NOTICE SENT TO PEARLMAN, BORSKA &WAX LLP ON 12/21/10
NOTICE SENT TO MARSHALL, FRENCH &DEGRAVE ON 12/21/10

| | 09/22/2010 | ANSWER TO COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY BY ANTHONY MARTINEZ, JAMES POWELL REPRESENTED BY MARSHALL, FRENCH &DEGRAVE FILED. (OVER $25,000.00) | Not Applicable | N/A |
|---|---|---|---|---|
| N | 08/17/2010 | ANSWER TO COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY BY PRE-FAB BUILDERS INC REPRESENTED BY MARSHALL, FRENCH &DEGRAVE FILED. (OVER $25,000.00) | Not Applicable | 📷 |
| | 07/26/2010 8:30 AM DEPT. 06 | CASE MANAGEMENT CONFERENCE HEARING | Continued | |

| Minutes | `Print Minute Order` |
|---|---|

| | 07/26/2010 8:30 AM DEPT. 06 | ORDER TO SHOW CAUSE HEARING WHY SANCTIONS OF $150.00 ON THE COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY AS TO ANTHONY MARTINEZ, JAMES POWELL SHOULD NOT BE ORDERED FOR FAILURE TO FILE PROOF OF SERVICE OF SUMMONS. | Vacated | |
|---|---|---|---|---|

| Minutes | `Print Minute Order` |
|---|---|

| N | 07/20/2010 | PROOF OF SERVICE BY MAIL OF SUMMONS ON COMPLIANT IN INTERVENTION ON MARSHALL FRENSH & DEGRAVE WITH A MAILING DATE OF 07/19/10 FILED. (NON-COMPLAINT) | Not Applicable | 📷 |
|---|---|---|---|---|
| N | 07/16/2010 | PROOF OF SERVICE BY MAIL ON THE COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY SERVED ON PRE-FAB INC, ANTHONY MARTINEZ, JAMES POWELL, PRE-FAB BUILDERS INC, ATCO NOISE MANAGEMENT INC FILED; DATE OF MAILING 07/14/10 | Not Applicable | 📷 |
| N | 07/15/2010 | ANSWER TO COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL BY JAMES POWELL REPRESENTED BY MARSHALL, FRENCH &DEGRAVE FILED. (OVER $25,000.00) | Not Applicable | 📷 |

| Minutes | `Print Minute Order` |
|---|---|

Receipt: 100715-0437        $370.00

| N | 07/12/2010 | CASE MANAGEMENT STATEMENT BY ELECTRIC INSURANCECOMPANY FILED UNTIMELY PURSUANT TO CRC 3.725 | Not Applicable | 📷 |
|---|---|---|---|---|
| N | 07/09/2010 | CASE MANAGEMENT STATEMENT FILED BY ANTHONY MARTINEZ, JAMES POWELL, PRE-FAB BUILDERS INC, | Not Applicable | 📷 |

**EXHIBIT 2, page 21**

| | | ATCO NOISE MANAGEMENT INC | | |
|---|---|---|---|---|
| N | 07/08/2010 | CASE MANAGEMENT STATEMENT FILED BY ALETHIA MITCHELL | Not Applicable | 📷 |
| N | 06/24/2010 | PROOF OF SERVICE BY MAIL OF ORDER GRANTING LEAVE TO INTERVENE/SUMMONS ON COMPL ON CRAIG A FRENCH ESQ WITH A MAILING DATE OF 06/23/10 FILED. (NON-COMPLAINT) | Not Applicable | 📷 |
| | 06/24/2010 | --ALSO SERVED COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY ON PRE-FAB BUILDERS INC WITH DATE OF MAILING 06/22/10-- | Not Applicable | |
| N | 06/24/2010 | AMENDMENT TO COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY NAMING DOES 01 TO BE PRE-FAB BUILDERS INC FILED. | Not Applicable | 📷 |
| N | 06/22/2010 | PROOF OF SERVICE (SUB-SERVED AND MAILED) ON COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY AS TO JAMES POWELL; MAILING DATE OF 06/17/10 FILED. | Not Applicable | 📷 |
| N | 06/09/2010 | ANSWER TO COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL BY ANTHONY MARTINEZ, PRE-FAB BUILDERS INC REPRESENTED BY MARSHALL, FRENCH &DEGRAVE FILED. (OVER $25,000.00) | Not Applicable | 📷 |

**Minutes**   [ Print Minute Order ]

Receipt: 100609-0519          $740.00

| | 05/26/2010 8:00 AM DEPT. CLERK | NON-PROOF OF SERVICE HRG ON COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY | OSC SET | |
|---|---|---|---|---|

**Minutes**   [ Print Minute Order ]

| N | 05/13/2010 | REQUEST FOR DISMISSAL WITHOUT PREJUDICE ON THE COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL AS TO PRE-FAB INC, PRE-FAB ERECTORS INC | Not Applicable | 📷 |
|---|---|---|---|---|
| N | 04/27/2010 | ANSWER TO COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY BY PRE-FAB INC, ATCO NOISE MANAGEMENT INC REPRESENTED BY MARSHALL, FRENCH &DEGRAVE FILED. (OVER $25,000.00) | Not Applicable | 📷 |
| | 04/27/2010 | ATCO NOISE MANAGEMENT INC ERRONEOUSLY SUED AS ATCO NOISE MANAGEMENT | Not Applicable | |
| N | 04/26/2010 | NOTICE OF RULING RE: COMPLAINT IN INTERVENTION BY ELECTRIC INS COMP. FILED | Not Applicable | 📷 |
| | 04/26/2010 8:00 AM DEPT. CLERK | NON-PROOF OF SERVICE (NON-APPEARANCE) HEARING | Vacated | |
| N | 04/22/2010 | ORDER GRANTING LEAVE TO INTERVENE. HONORABLE JUDGE MAC R. FISHER. | Not Applicable | 📷 |
| N | 04/22/2010 | ORDER FOR LEAVE TO INTERVENE IS GRA AND FILED; HONORABLE JUDGE MAC R. FISHER. | Not Applicable | 📷 |
| | 04/22/2010 | NON PROOF OF SERVICE HEARING SET ON 5/26/10 @ 8:00 IN DEPARTMENT CLERK | | |

**EXHIBIT 2, page 22**

| N | 04/22/2010 | SUMMONS ISSUED ON COMPLAINT INTERVENTION FILED 04/22/2010 OF ELECTRIC INSURANCECOMPANY AND FILED. | Not Applicable | |
| N | 04/22/2010 | COMPLAINT IN INTERVENTION FILED. | Not Applicable | |
| | 04/22/2010 8:30 AM DEPT. 06 | HEARING RE: MOTION TO/FOR LEAVE TO FILE COMPLAINT IN INTERVENTION - BY ELECTRIC INSURANCECOMPANY | Granted | |

**Minutes**   [ Print Minute Order ]

| N | 03/30/2010 | ANSWER TO COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL BY ATCO NOISE MANAGEMENT INC REPRESENTED BY MARSHALL, FRENCH &DEGRAVE FILED. (OVER $25,000.00) | Not Applicable | |

**Minutes**   [ Print Minute Order ]
Receipt: 100330-0486          $370.00

| | 03/30/2010 | ATCO NOISE MANAGEMENT INC ERRONEOUSLY SUED AS ATCO NOISE MANAGEMENT | Not Applicable | |
| N | 03/08/2010 | NOTICE OF MOTION FOR LEAVE TO FILE COMPLAINT-IN-INTERVENTION BY ELECTRIC INSURANCECOMPANY FILED. | Not Applicable | |
| N | 03/08/2010 | PROOF OF SERVICE BY MAIL OF MTN FOR LEAVE TO FILE COMPLAINT-IN-INTERVENTION ON MARSHALL, FRENCH & DEGRAVE WITH A MAILING DATE OF 03/04/10 FILED. (NON-COMPLAINT) | Not Applicable | |
| | 03/05/2010 8:00 AM DEPT. CLERK | NON-PROOF OF SERVICE HRG COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL AS TO DOE PRE-FAB BUILDERS INC | Vacated | |
| | 03/05/2010 8:00 AM DEPT. CLERK | NON-PROOF OF SERVICE HRG COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL AS TO DOE PRE-FAB ERECTORS INC | Vacated | |
| N | 03/01/2010 | ANSWER TO COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL BY PRE-FAB INC REPRESENTED BY MARSHALL, FRENCH &DEGRAVE FILED. (OVER $25,000.00) | Not Applicable | |

**Minutes**   [ Print Minute Order ]
Receipt: 100301-0450          $370.00

| | 02/24/2010 | REMOVE FROM THE COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL THE FOLLOWING PARTY(S) ELECTRIC INSURANCECOMPANY | Not Applicable | |
| N | 02/22/2010 | PROOF OF SERVICE ON THE COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL SERVED ON ATCO NOISE MANAGEMENT WITH SERVICE DATE OF 02/16/10 FILED.(PERSONAL SERVICE) | Not Applicable | |
| N | 02/18/2010 | PROOF OF SERVICE ON THE COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL SERVED ON PRE-FAB BUILDERS INC WITH SERVICE DATE OF 02/10/10 FILED. (PERSONAL SERVICE) | Not Applicable | |
| N | 02/18/2010 | PROOF OF SERVICE (SUB-SERVED AND MAILED) ON COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL AS | Not Applicable | |

**EXHIBIT 2, page 23**

| | | TO JAMES POWELL; MAILING DATE OF 02/10/10 FILED. | | |
|---|---|---|---|---|
| N | 02/18/2010 | PROOF OF SERVICE ON THE COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL SERVED ON PRE-FAB ERECTORS INC WITH SERVICE DATE OF 02/10/10 FILED. (PERSONAL SERVICE) | Not Applicable | 📷 |
| N | 02/18/2010 | PROOF OF SERVICE (SUB-SERVED AND MAILED) ON COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL AS TO ANTHONY MARTINEZ; MAILING DATE OF 02/10/10 FILED. | Not Applicable | 📷 |
| | 02/18/2010 | MOTION FEE POSTED BY ELECTRIC INSURANCECOMPANY | Not Applicable | |

| Minutes | Print Minute Order |
|---|---|
| Receipt: 100224-0329 | $40.00 |

| | 02/18/2010 | HEARING SET 4/22/10 AT 8:30 IN DEPARTMENT 06 | | |
|---|---|---|---|---|
| N | 02/18/2010 | MOTION TO/FOR LEAVE TO FILE COMPLAINT IN INTERVENTION - BY ELECTRIC INSURANCECOMPANY FILED | | 📷 |

| Minutes | Print Minute Order |
|---|---|
| Receipt: 100224-0325 | $370.00 |

| | | | | |
|---|---|---|---|---|
| N | 02/08/2010 | PROOF OF SERVICE ON THE COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL SERVED ON PRE-FAB INC WITH SERVICE DATE OF 02/03/10 FILED.(PERSONAL SERVICE) | Not Applicable | 📷 |
| N | 02/03/2010 | AMENDMENT TO COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL NAMING DOES 02 TO BE PRE-FAB ERECTORS INC FILED. | Not Applicable | 📷 |
| N | 02/03/2010 | AMENDMENT TO COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL NAMING DOES 1 TO BE PRE-FAB BUILDERS INC FILED. | Not Applicable | 📷 |
| N | 01/26/2010 | SUMMONS ISSUED ON COMPLAINT FILED 01/26/2010 OF ALETHIA MITCHELL AND FILED. | Not Applicable | 📷 |
| N | 01/26/2010 | CERTIFICATE OF COUNSEL FILED. | Not Applicable | 📷 |
| | 01/26/2010 | NON PROOF OF SERVICE HEARING SET FOR 4/26/10 AT 8:00 IN DEPT CLERK | | |
| | 01/26/2010 | DIRECTLY ASSIGNED TO DEPARTMENT 06 FOR CASE MANAGEMENT PURPOSES. | | |
| N | 01/26/2010 | COMPLAINT FILED FAST TRACK - SUMMONS ISSUED. | Not Applicable | 📷 📄 |

| Minutes | Print Minute Order |
|---|---|
| Receipt: 100126-0507 | $370.00 |

### Case RIC10001033 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 06/10/2013 8:30 AM DEPT. 06 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT PURSUANT TO RULE 3.1385(B). | Continued | |
| 07/10/2013 8:30 AM DEPT. 06 | HEARING ON OSC RE: DISMISSAL AFTER SETTLEMENT PURSUANT TO RULE 3.1385(B). | | |

EXHIBIT 2, page 24

# EXHIBIT 4

## Superior Court Of California – County Of Riverside

### Settlement Agreement

Case Number: RIC **RIC/000/033**     Date: **4/18/13**, 201**3**

### THIS IS A BINDING SETTLEMENT AGREEMENT THAT CANNOT BE CANCELED

This Agreement is enforceable pursuant to CCP Section 664.6 and Evidence Code Section 1123(b). If any party institutes proceedings under those sections to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

Plaintiff(s) shall execute the customary release of all claims, including a waiver of CC section 1542, which is to be prepared and sent by Defense Counsel, or by Defendant if not represented by an attorney, to Plaintiff's Counsel, or to Plaintiff if not represented by an attorney.

The terms and conditions of settlement are as follows:

DEFENDANTS TO PAY $ 1,000,000 (one Million) TO PLAINTIFF, ALETHIA Mitchell AND Her attorneys, and the intervenor. From this sum, the intervenor is to receive $75,000. The balance of the settlement will resolve in their entirety both this civil lawsuit and Alethia Mitchell's WCAB case, which arose out of the February 4, 2008 work-related accident. This settlement includes any Workers' Compensation payments due after today. A Third Party C+R will be drafted by the Workers Compensation attorneys, Lucy Bishop and Jack Cohen which will be presented to the parties and their attorneys for signatures forthwith. Payment of $925,000 will be paid to Alethia Mitchell and Steven Geeting. Plaintiff may structure part of settlement. The $75,000 check to the intervenor should be made payable to Electric Insurance Company on Notice to Defendants in 10 days. An alternative to the resolution of the WCAB case is to have Alethia Mitchell and her counsel dismiss her Workers' Compensation case with prejudice. Each side to bear their own fees and costs.

(Continue on other side if necessary.)

Plaintiff(s)/Attorney(s)
(Print name and sign)

Defendant(s)/Attorney(s)
(Print name and sign)

# EXHIBIT 5



**SANDBERGPHOENIX**
& VON GONTARD P.C.

**Voice Mail Memorandum**

| | |
|---|---|
| **To:** | FILE |
| **From:** | JROCHMAN |
| **Matter Name:** | Alethia Mitchell v. ATCO |
| **Re:** | Transcription of 12-7-12 341 Meeting of Alethia Mitchell |
| TRUSTEE: | Next matter is Alethia Mitchell, case number 34663. |
| DA LOZANO: | Good afternoon. |
| TRUSTEE: | Good afternoon. |
| DA LOZANO: | Attorney Dave Lozano appearing with the debtor. |
| TRUSTEE: | Good afternoon.  Your license and…thank you, would you raise your right hand please. |
| DEBTOR: | Sure. |
| TRUSTEE: | Do you solemnly swear the testimony you are about to give will be the truth, the whole truth, and nothing but the truth? |
| DEBTOR: | Yes. |
| TRUSTEE: | Alright, will you state your name and address for the record please? |
| DEBTOR: | Alethia Mitchell, 31080 Lahontan Street, Temecula, California 92592. |
| TRUSTEE: | Thank you.  Debtor's Social Security Number does match the number on the case commencement, I am returning the debtor's Social Security card and driver's license to her.  Did you read the green pamphlet? |
| DEBTOR: | Yes |
| TRUSTEE: | Did you sign the papers you filed with the Court? |
| DEBTOR: | Yes. |
| TRUSTEE: | Did you read the papers before you signed them? |

4245966.1

DEBTOR:        Yes.

TRUSTEE:       Are you personally familiar with the information in the papers?

DEBTOR:        Yes.

TRUSTEE:       To the best of your knowledge, is that information true and correct?

DEBTOR:        Yes.

TRUSTEE:       Are there any errors or omissions you wish to bring to my attention?

DEBTOR:        No.

TRUSTEE:       Have you listed all of your assets?

DEBTOR:        Yes.

TRUSTEE:       Have you listed all of your creditors?

DEBTOR:        Yes.

TRUSTEE:       Have you ever filed bankruptcy before?

DEBTOR:        Yes.

TRUSTEE:       When was that?

DEBTOR:        1992.

TRUSTEE:       Alright, [unintelligible] you show the prior case in your papers. Is the
               information regarding your employer in your schedules correct?

DEBTOR:        Yes.

TRUSTEE:       Do you owe any child or spousal support?

DEBTOR:        No.

TRUSTEE:       Mr. Lozano has provided me with a declaration of the last time you filed a
               tax return is 2009, is that correct?

DEBTOR:        Yes.

TRUSTEE:       Okay.  Then I will return the declaration of the 2009 taxes to you.  Did
               you have the quite questionnaire?

| | |
|---|---|
| DA LOZANO: | Yes, right here. |
| DEBTOR: | Oh, I'm sorry. |
| TRUSTEE: | That's okay.  Alright, with regards to the civil lawsuit, have you retained an attorney for that? |
| DEBTOR: | Yes. |
| TRUSTEE: | What's the name of your attorney for the… |
| DEBTOR: | Geeting. |
| TRUSTEE: | I'm sorry? |
| DEBTOR: | Geeting. |
| TRUSTEE: | Can you spell that for me? |
| DEBTOR: | Geeting is G, is G-E-E-T-I-N-G. |
| TRUSTEE: | Okay.  Is that the last name of the… |
| DEBTOR: | Yes. |
| TRUSTEE: | And do you know what city they are in? |
| DEBTOR: | Riverside. |
| TRUSTEE: | Do..is that…what's the first name of the a… |
| DEBTOR: | Stephen. |
| TRUSTEE: | Thank you.  Has a complaint been filed already in the, with regards to that lawsuit, or is…is it, uh...do you know Mr. Lozano if they already filed it? |
| DEBTOR: | I don't know what the complaint [unintelligible]. |
| DA LOZANO: | Um, we were just talking about that when we were in the audience there that, that she's working or at least the [unintelligible] person is working with the worker's compensation claim person, to the best of my knowledge, there isn't anything filed yet… |
| TRUSTEE: | Okay. |

| | |
|---|---|
| DA LOZANO: | I think they are preparing or they are seeing, are wanting to see what is going on with the worker's compensation claim.  They have until February? |
| DEBTOR: | Yes. |
| DA LOZANO: | To file the case. |
| DEBTOR: | Yes. |
| TRUSTEE: | Alright, um… |
| DA LOZANO: | Which of course… |
| TRUSTEE: | And obviously it looks like there's somebody different, it's a Lucy Bishop according to this, is… |
| DEBTOR: | Yeah. |
| DA LOZANO: | Right, Lucy Bishop… |
| TRUSTEE: | Is, is handling the worker's comp… |
| DA LOZANO: | Worker's comp… |
| TRUSTEE: | And then uh, and then this Mr. Geeting... |
| DA LOZANO: | Getting I guess is considering it… |
| TRUSTEE: | Okay. |
| DA LOZANO: | Pending…pending what is going to go on I guess with the worker's comp. |
| TRUSTEE: | Okay.  Let me do this – I'm going to um, I want an opportunity to at least chat with Mr. Gidding about the civil lawsuit case so I am going to continue the matter to give me an opportunity to speak with him, there's anything further I need from you, I will circle back with you and let you know, such as if I can't find his name or, you know, something like that.  Um… |
| DA LOZANO: | If you're able to get the information you need, will, would the matter be taken off of the calendar? |
| TRUSTEE: | Right, you just… |
| DA LOZANO: | [unintelligible], okay. |

4245966.1

TRUSTEE:           Yeah, you just call me about a week beforehand and I'll…

DA LOZANO:         Got it.

TRUSTEE:           …let you know.  Alright so, let me just make a note here so I know why we're continuing this.  Alright so I am continuing this to January 9th, 2013 at 2:00 p.m.  Any creditors to question this debtor?

DA LOZANO:         Do you have his phone number and everything?

DEBTOR:            I do.

TRUSTEE:           Should be on the case commencement.

DA LOZANO:         What's that?

TRUSTEE:           Oh, Getting?

DA LOZANO:         Right.

TRUSTEE:           I figured I could just look it up on the State Bar.

DA LOZANO:         Okay, I mean, she has it…

TRUSTEE:           If she's got it that's fine, sure.

DEBTOR:            I do have it.

TRUSTEE:           Okay.  It's not that common of a name, I figure…

DA LOZANO:         [laughing] It's true.

DEBTOR:            951…

TRUSTEE:           Okay.

DEBTOR:            788…

TRUSTEE:           Alright.

DEBTOR:            6367.

TRUSTEE:           Okay. Perfect.

DA LOZANO:         Very good.

TRUSTEE:        Thank you so much, and like I said, you call me right after the first of the
                year I'll let...

DA LOZANO:      Okay..

TRUSTEE:        ...you know whether an appearance is necessary or not.

DA LOZANO:      Beautiful, beautiful.

TRUSTEE:        Okay.

DA LOZANO:      Yep, and uh if I could get second call on the next matter please...

TRUSTEE:        I will do that.  So alright, any creditors to question this debtor?  Doesn't
                appear so.  Alright, then you're excused for today.

4245966.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12800 CENTER COURT DRIVE, SUITE 300, CERRITOS, CA 90703**

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF OBJECTION IN PERSONAL INJURY LAWSUIT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 24, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

OFFICE OF THE UNITED STATES TRUSTEE    USTP.REGION16.RS.ECF@USDOJ.GOV
LARRY D. SIMMONS, CH 7 TRUSTEE    LARRY@LSIMONSLAW.COM
DAVID LOZANO    NOTICES@DLBKLAW.COM
AVI SCHILD    BK@ATLASACQ.COM

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 24, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| ALETHIA ANN MITCHELL<br>31080 LAHONTAN STREET<br>TEMECULA, CA 92592-5752 | HON MARK WALLACE<br>US BANKRUPTCY COURT<br>411 W. FOURTH STREET<br>SANTA ANA, CA 92701 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 24, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 24, 2013 | Mary Buenaventura | */s/ Mary Buenaventura* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**