Helen R. Frazer    State Bar No. 92627
HFrazer@aalrr.com
ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Counsel to Chapter 7 Trustee

Larry D. Simons

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ALETHIA ANN MITCHELL<br><br>Debtor. | Case No. 6:12-bk-34633 MW<br><br>CHAPTER 7<br><br>**REPLY TO RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION IN PERSONAL INJURY LAWSUIT**<br><br>HRG DATE: AUGUST 20, 2013<br>TIME: 2:00 P.M.<br>CTRM: 225 |

Trustee, Larry D. Simons, replies to the Debtor's response to the Objection to Debtor's Claim of exemption in personal injury suit and worker's compensation claim as follows:

Debtor states in her response that she that she was unaware that her personal injury claim was, in fact, being determined in a "pending" lawsuit rather than being merely a "potential" claim as listed in her schedules at the time the bankruptcy case was being prepared. This statement is simply not believable. The lawsuit was filed in 2010. The bankruptcy case was filed on October 31, 2012. The Trustee has learned that on September 7, 2011, the Debtor actively participated in a mediation session at Judicate West during which the insurance carrier made a settlement offer of $200,000, the exact amount of the initial valuation contained in Debtor's schedules.

014419.00010
11480946.1

On October 9, 2012, within 3 weeks of the bankruptcy filing, the Debtor attended a second mediation session held in the Riverside County Superior Court in which the insurance carrier offered a settlement of $1,000,000, contingent on resolving a Medicare lien claim. The Electronic Filing Declaration filed with Debtor's schedules was dated October 30, 2012. This establishes that as of the date the bankruptcy case was filed, Debtor had actual knowledge that her lawsuit was "pending" rather than "potential" and that the value was significantly higher than the amount scheduled in Schedules B and C. Additionally, these facts completely undermine the Debtor's characterization in the schedules that "recovery is speculative".

The case was ultimately settled at a third settlement conference held on April 18, 2013 at the Riverside Superior Court for $1,000,000.00 after the bankruptcy case was closed.

The fact that a "potential", "speculative" claim was disclosed in the Debtor's bankruptcy schedules is not sufficient to absolve the Debtor of her fraud in failing to disclose the actual value and status of the asset. A debtor has a duty to prepare schedules carefully, completely, and accurately. *In re Mohring*, 142 B.R. 389, 394 (Bankr.E.D.Cal.1992); accord *In re Jones*, 134 B.R. 274, 279 (N.D.Ill.1991); *In re Baumgartner*, 57 B.R. 513, 516 (Bankr.N.D.Ohio 1986); In re Mazzola, 4 B.R. 179, 182 (Bankr.D.Mass.1980). In the case of *In re Seruntine* 46 B.R. 286 (Bkrtcy CD CA 1984), the Court denied a debtor's discharge based on the Debtor's significant under-valuation of real property that was disclosed in the schedules where the under-valuation was intended to discourage the trustee from liquidating the asset.

Further, the Bankruptcy Appellate Panel ruled in the case of *Morgan –Busby v. Gladstone (In re Morgan-Busby)*, 272 B.R. 257, 265 (9th Cir. BAP 2002) that a debtor controls the schedules and bears the burden of enabling trustees and creditors to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules, so that any ambiguity is construed against the debtor. Trustees must be able to analyze the debtors' schedules in order to determine whether or they have a valid basis to file an objection to the claimed exemption.

Similar facts exist here. The Debtor's language in describing the asset was deliberately misleading and was designed to discourage the Trustee from doing a more complete investigation beyond placing several unreturned phone calls to Debtor's counsel.

Under these circumstances, the Debtor's claim of exemption in the personal injury lawsuit and worker's compensation claim should be disallowed.

Dated: August 14, 2013

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Helen R. Frazer
Counsel to Chapter 7 Trustee
Larry Simons

3

## DECLARATION OF LARRY D. SIMONS

I, Larry D. Simons declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before the Bankruptcy Courts for the Central District of California.

2. I have been advised by the personal injury counsel for the defendants in the Debtor's lawsuit that on September 7, 2011, the Debtor actively participated in a mediation session at Judicate West during which the insurance carrier made a settlement offer of $200,000, the exact amount of the initial valuation contained in Debtor's schedules.

3. I was further advised that on October 9, 2012, within 3 weeks of the bankruptcy filing, the Debtor attended a second mediation session held in the Riverside County Superior Court in which the insurance carrier offered a settlement of $1,000,000, contingent on resolving a Medicare lien claim. The Electronic Filing Declaration filed with Debtor's schedules was dated October 30, 2012. This establishes that as of the date the bankruptcy case was filed, Debtor had actual knowledge that her lawsuit was "pending" rather than "potential" and that the value was significantly higher than the amount scheduled in Schedules B and C. Additionally, these facts completely undermine the Debtor's characterization in the schedules that "recovery is speculative".

The facts set forth in this declaration are personally known to me and I have firsthand knowledge thereof. If called as a witness, I could and would testify competently to those facts under oath.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 14, 2013 at Riverside, California

_____
Larry D. Simons

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12800 CENTER COURT DRIVE, SUITE 300, CERRITOS, CA 90703**

A true and correct copy of the foregoing document entitled (*specify*): REPLY BRIEF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 14, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

11481688.1

| | |
|---|---|
| OFFICE OF THE UNITED STATES TRUSTEE | USTP.REGION16.RS.ECF@USDOJ.GOV |
| LARRY D. SIMMONS, CH 7 TRUSTEE | LARRY@LSIMONSLAW.COM |
| DAVID LOZANO | NOTICES@DLBKLAW.COM |
| AVI SCHILD | BK@ATLASACQ.COM |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On August 14, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 14, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Mark Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 14, 2013 | Mary Buenaventura | /s/ *Mary Buenaventura* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              **F 9013-3.1.PROOF.SERVICE**