Alethia Mitchell
225 West 3rd Street, #332
Long Beach, CA 90802
(310)925-6313

(In Pro Per)

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ALETHIA ANN MITCHELL<br><br>Debtor.<br><br>LARRY D. SIMONS, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>ALETHIA ANN MITCHELL,<br><br>Defendant. | Case No: 6:12-bk-34633-MW<br><br>Adv. No.: 6:13-ap-01274-MW<br><br>Chapter 7<br><br>**ANSWER TO COMPLAINT TO REVOKE DISCHARGE** |

ALETHIA ANN MITCHELL, (the "Defendant") responds to the Complaint to revoke discharge under 11 U.S.C. §727(d)(2) of Larry D. Simons, the Chapter 7 Trustee (the "Plaintiff"), by admitting, denying and alleging as follows:

1. In answering the allegations contained in paragraph 1 of the Complaint, the Defendant admits to the allegations contained therein;

2.  In answering the allegations contained in paragraph 2 of the Complaint, the Defendant admits to the allegations contained therein;

3.  In answering the allegations contained in paragraph 3 of the Complaint, the Defendant admits to the allegations contained therein;

4.  In answering the allegations contained in paragraph 4 of the Complaint, the Defendant admits to the allegations contained therein;

5.  Defendant hereby incorporates by reference each and every allegation of paragraphs 1 through 4 above, as though the same is fully set forth herein;

6.  In answering the allegations contained in paragraph 6 of the Complaint, the Defendant denies the allegations contained therein. The allegations made by the Chapter 7 Trustee in this paragraph are false and misleading. The Defendant properly disclosed that she was involved in two claims – a Worker's Compensation Claim and a Civil Claim, both rising from the same incident – and verbally reiterated under oath at the meeting of creditors. She did not hide or fail to mention these claims. If paragraph 21 of Schedule B of the Chapter 7 petition was blank, then the Trustee would have a legitimate claim. If the Defendant did not have a true injury or was attempting to defraud the insurance company, the Trustee would have a legitimate claim. The Defendant had a crane dropped on the top of her head, injuring primarily her neck and back, but causing severe loss of memory, head trauma, and neurological disorders. She has had 19 surgeries. During the preparation of her bankruptcy case, when asked what the possible value of her claims might be, the Defendant stated that it was her understanding that her civil attorneys told her that after paying legal fees, costs, medical expenses, a lifetime medical plan and advancements that they were hoping she would receive somewhere between $200,000 to $400,000, but she was uncertain as to which claim would pay out what portion of the $200,000 to $400,000 figure. As such, her and her bankruptcy attorney decided to split the figure and make a $200,000 representation for each

Case 6:12-bk-34633-MW    Doc 30    Filed 08/16/13    Entered 08/16/13 14:50:23    Desc
Main Document    Page 3 of 7

claim in order to try and properly represent debtor's interest. Although the Defendant was clear that possessed legitimate claims, it was obvious she did not understand the specifics of how her claims were being resolved – whether she was involved in one legal action that combined both claims, or two separate actions, or whether these matters were being decided by mediation or litigation. However, it was not uncommon for average consumers not to know a lot about their civil actions, especially when they rely heavily on their civil attorneys. In this case the debtor already had physical and mental disabilities stemming from the injury, which explains why she might have had difficulty understanding the technical process of the civil claims. Also, by using words like "potential" and "speculative" in the description of the personal injury claim, along with listing a high value of $200,000, it was absolutely believed by the debtor's bankruptcy attorney that the Chapter 7 Trustee would contact the civil attorney to acquire the specifics of her claims, in particular, the true chances of successfully winning on the claims, and the expected amount of an award. Never did the Defendant or the Defendant's bankruptcy attorney believe the Trustee would make only two unanswered phone calls to the civil attorney and close the case. The Chapter 7 Trustee never wrote the civil attorney a letter; never asked the Defendant's bankruptcy attorney to contact the civil attorney; never continued the Chapter 7 case to have the Judge order the civil attorney to appear before the Trustee. If the Chapter 7 Trustee had simply contacted the Defendant's bankruptcy attorney and told the bankruptcy attorney that he was having difficulty reaching the civil attorney, the bankruptcy attorney would have made sure the civil attorney spoke with the Chapter 7 Trustee.

7.      In answering the allegations contained in paragraph 7 of the Complaint, the Defendant admits to the allegations contained therein as it pertains to the "verbage" used in Schedule B of her Chapter 7 petition to describe her worker's compensation and potential civil claim. However, the Defendant did not choose these words, her bankruptcy attorney selected the wording to describe the two claims based upon the information and status the Defendant understood about the two claims at the time her bankruptcy was

-3-

being prepared;

8. In answering the allegations contained in paragraph 8 of the Complaint, the Defendant admits to the allegations contained therein;

9. In answering the allegations contained in paragraph 9 of the Complaint, the Defendant admits to the allegations contained therein;

10. In answering the allegations contained in paragraph 10 of the Complaint, the Defendant admits to the allegations contained therein as they pertain to the fact that the meeting of creditors was continued, but the Defendant does not know if the Trustee attempted to make any contact with her civil attorneys;

11. In answering the allegations contained in paragraph 11 of the Complaint, the Defendant admits to the allegations contained therein as it pertains to the fact that her bankruptcy attorney amended Schedule B to reflect both claims to $1,000,00, but it was the debtor's attorney, not the debtor, who did not provide more detailed description of the current status of the claim;

12. In answering the allegations contained in paragraph 12 of the Complaint, the Defendant admits to the allegations contained therein;

13. In answering the allegations contained in paragraph 13 of the Complaint, the Defendant denies the allegations contained therein. The Trustee did not learn that the claim was worth $1,000,000 "subsequently" meaning *after the case was closed*, the Trustee knew of the change of the claim to $1,000,000 ***before*** the case was closed because the Trustee received a copy of the Amended Schedule B and C. The Trustee knew the claims had the potential of being worth $1,000,000 overall before deductions, and based on the Defendants extensive injuries couple with the correct exemptions listed in Schedule C, the Trustee properly and correctly closed the Defendant's Chapter 7 case;

14. In answering the allegations contained in paragraph 14 of the Complaint, the Defendant denies the allegations contained therein. The Defendant properly disclosed the potential of receiving an award for

two civil claims, and thus no grounds exist for the Chapter 7 Trustee to revoke the Debtor's discharge under 11 U.S.C. §727(d)(2).;

15. Defendant hereby incorporates by reference each and every allegation of paragraphs 1 through 14 above, as though the same is fully set forth herein;

16. In answering the allegations contained in paragraph 16 of the complaint, the Defendant denies the allegations contained therein;

17. In answering the allegations contained in paragraph 17 of the complaint, the Defendant denies the allegations contained therein and requests that by reason of the foregoing, the Chapter 7 Trustee's complaint to revoke discharge should be denied.

### FIRST AFFIRMATIVE DEFENSE
(The Complaint Fails to State A Claim Upon Which Relief Can Be Granted)

As a first affirmative defense, Defendant alleges the Complaint fails to state upon which relief can be granted. The untrue and incomplete facts in the Complaint do not give rise to claims against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Plaintiffs Have Insufficient Evidence To Establish Their Case)

As a second affirmative defense, Defendant alleges Plaintiff does not have sufficient evidence to establish the required elements of the one cause of action in the Complaint. Plaintiffs will be unable to meet their burden of proof because there was no fraud by defendant.

### THIRD AFFIRMATIVE DEFENSE
(The Complaint Fails To Plead The Necessary Elements)

As a third affirmative defense, Defendant alleges Complaint fails to plead the necessary elements of the lone cause of action, pursuant to 11 U.S.C. §727(d)(2), in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
(No Liability)

Defendant alleges that she has committed no wrongful acts as to Plaintiff or the bankruptcy estate and, therefore, is not responsible for the damages to Plaintiff or the estate, if there are any.

## FIFTH AFFIRMATIVE DEFENSE
(Estoppled)

Defendant is informed and believes and thereby alleges that Plaintiff, by virtue of its acts, omissions, conduct, statement and/or representations is estopped from bringing this action.

WHEREFORE, the Defendant prays for judgment as follows:

1. That the Plaintiff's complaint to revoke discharge be denied;
2. That Plaintiff take nothing by its Complaint;
3. For such other and further relief as this Court may deem just and proper.

Dated: August 9, 2013

Respectfully submitted,

By: /s/ Alethia Mitchell
Alethia Mitchell
In Pro Per

# PROOF OF SERVICE

State of California   )
                      ) ss.
County of Los Angeles )

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is 1900 W. Garvey Avenue South, Suite 240, West Covina, CA 91790.

On August 16, 2013, I served the foregoing document described as the Answer to Complaint to For Denial of Discharge under 11 U.S.C. § 727 (A)(2) on the following:

| | |
|---|---|
| United States Trustee<br>3801University Avenue, Suite 720<br>Riveside, CA 92501 | Larry Simons, Chapter 7 Trustee<br>7121 Magnolia Avenue<br>Riverside, CA 92504 |
| Honorable Judge Mark Wallace<br>411 West Fourth Street, Suite 6135<br>Santa Ana, CA 92701 | Helen R. Frazer.<br>Atkinson Andelson Loya Ruud & Romo<br>12800 Center Court Drive, Suite 300<br>Cerritos, CA 90703 |

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in a sealed envelope addressed to each addressee as stated on the attached service list:

[ x ] by placing [ ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ x ] (By Mail) I placed such envelope with postage thereon fully prepaid in the United States mail at West Covina, California.

[ ] (By Personal Service) I personally delivered such envelope to the above offices.

Executed on August 16, 2013 at West Covina, California.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ x ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Madlelynn Caballero

-7-